# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RIGOBERTO SILVA-AQUILAR, | CV F  06-366 OWW DLB HC |
| Petitioner, | FINDINGS AND RECOMMENDATION REGARDING PETITION FOR WRIT OF HABEAS CORPUS |
| v. | |
| BERNIE ELLIS, | [Doc. 1] |
| Respondent. | |

Petitioner is a federal prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241.

## BACKGROUND

Petitioner filed the instant petition for writ of habeas corpus on March 341, 2006. Petitioner challenges a disciplinary hearing which resulted in the loss of good time credits for stealing milk from the commissary in violation of 28 C.F.R. § 541.13, *Prohibited Act Section 219, stealing.*

Respondent filed an answer to the petition on August 17, 2006.  Petitioner did not file a traverse.

## STATEMENT OF FACTS

On or about September 30, 2005, Officer Stuck conducted a pat-down search of Petitioner when he was leaving the chow hall.  During the search, Officer Stuck noticed a concealed bottle of milk in the right hand pocket of Petitioner.  (Exhibit A, Incident Report,

attached to Answer.)  Petitioner admitted to taking the milk stating that the doctor told him that a little milk in the afternoon was good for his heart condition.  (*See* Exhibit A, p. 2.)   As previously stated, Petitioner was cited for a violation of 28 C.F.R. § 541.13, *Prohibited Act, Section* 219 (stealing).

 A disciplinary hearing was conducted by C. Logan, Case Manager, on October 18, 2005.  (Exhibit A, at p. 1.)  Petitioner received advance written notice of the charges on September 30, 2005, by Sergeant Barbra.  (Id.)  Petitioner appeared at the hearing and was provided an opportunity to present a defense.  Petitioner was also advised of his rights to a staff representative of which he waived.  In addition, Petitioner was permitted the opportunity to present witnesses and testify on his own behalf.  (Id.)

After the hearing concluded, and all the evidence was reviewed, the disciplinary hearing officer (DHO) found that the act was committed as charged.  (Id. at p. 2, Section IV.)  Petitioner received 27 days disallowance of good conduct time and 6 months loss of commissary.  Petitioner was advised of his right to appeal the action, and a copy of the ruling was delivered to him on October 18, 2005.  (Id. at p. 3, Sections VIII, IX.)

Petitioner appealed the DHO's decision.  The first Regional Administrative Remedy Appeal was filed on or about October 28, 2005.  (Exhibit B, attached to Answer.)  On or about January 9, 2006, Petitioner filed a second appeal to the Central Office Administrative Remedy Appeal. (Exhibit C, attached to Answer.)  This appeal was denied on March 1, 2006.  (Exhibit D, attached to Answer.)

As previously stated, in the instant petition, Petitioner seeks to set aside the discipline conviction contending that he should  have been charged with possession of contraband instead of stealing.

## DISCUSSION

I._____Jurisdiction

Relief by way of a petition for writ of habeas corpus extends to a person in custody pursuant to a judgment of a state court if the custody is in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. § 2254(a); 28 U.S.C. § 2241(c)(3); Williams v. Taylor,

529 U.S. 362, 375 (2000).  Petitioner asserts that he suffered violations of his rights as guaranteed by the U.S. Constitution.  Petitioner's claims for relief arise out of a disciplinary hearing. Petitioner is confined at the Federal Correctional Institution in Atwater, California, which is located within the jurisdiction of this Court. 28 U.S.C. §§ 2254(a), 2241(d). If a constitutional violation has resulted in the loss of time credits, such violation affects the duration of a sentence, and the violation may be remedied by way of a petition for writ of habeas corpus.  Young v. Kenny, 907 F.2d 874, 876-78 (9th Cir. 1990).

II.     Review of Petition

Petitioner contends the finding of guilt is a violation of his due process rights because he was inappropriately found guilty of stealing instead of possession of contraband.  He argues the evidence is insufficient to support the finding of guilt.

Prisoners cannot be entirely deprived of their constitutional rights, but their rights may be diminished by the needs and objectives of the institutional environment. Wolff v. McDonnell, 418 U.S. 539, 555 (1974).  Prison disciplinary proceedings are not part of a criminal prosecution, so a prisoner is not afforded the full panoply of rights in such proceedings. Id. at 556.  Thus, a prisoner's due process rights are moderated by the "legitimate institutional needs" of a prison. Bostic v. Carlson, 884 F.2d 1267, 1269 (9th Cir. 1989), citing Superintendent, etc. v. Hill, 472 U.S. 445, 454-455 (1984).

However, when a prison disciplinary proceeding may result in the loss of good time credits, due process requires that the prisoner receive: (1) advance written notice of at least 24 hours of the disciplinary charges; (2) an opportunity, when consistent with institutional safety and correctional goals, to call witnesses and present documentary evidence in his defense; and (3) a written statement by the factfinder of the evidence relied on and the reasons for the disciplinary action. Hill, 472 U.S. at 454; Wolff, 418 U.S. at 563-567.  In addition, due process requires that the decision be supported by "some evidence." Hill, 472 U.S. at 455, citing United States ex rel. Vatauer v. Commissioner of Immigration, 273 U.S. 103, 106 (1927).

First, the Court notes Petitioner makes no claim that the procedural requirements under Wolff were not complied with.  Nor does such a claim appear viable as the evidence submitted

by Respondent demonstrates that Petitioner was given advance written notice of the disciplinary charges on September 30, 2005; he was provided an opportunity to call witnesses and present documentary evidence; and was provided a copy of the final written order on October 18, 2005. (Exhibit A, attached to Answer.)

Here, the evidence presented at the disciplinary hearing constituted some evidence sufficient to satisfy the due process requirement of Hill. Petitioner contends that the evidence presented does not demonstrate that he was stealing but merely possessing contraband. Petitioner contends that he did not admit to stealing the milk, but merely stated that "the doctor told [him] a little milk in the afternoon is good for [his] heart condition." (Memorandum Points & Authorities, at 1.) As Respondent correctly argues, Petitioner overlooks the fact that he is only entitled to possess the milk within the walls of the chow hall. Once Petitioner attempted to take the milk outside of the chow hall he was no longer allowed to possess the milk, thus he was taking something that he was otherwise entitled to possess. Such actions are sufficient to constitute stealing under its plain definition. The DHO found that Petitioner concealed the milk in a pocket and attempted to take it out of the chow hall. (Exhibit A, at p.3.) Although Petitioner may not have admitted that he "stole" the milk from the chow hall, he nonetheless acknowledged that "the doctor told [him] a little milk in the afternoon is good for [his] heart condition." (Id. at p.1.) Further, the very fact that Petitioner concealed the milk in his pocket provides additional circumstantial evidence that the item was stolen or that he was, at a minimum, aware he was not supposed to possess the item. Based on the foregoing, there was sufficient evidence to find that Petitioner stole the milk in violation of section 541.13.

## RECOMMENDATION

Based on the foregoing, it is HEREBY RECOMMENDED that:

1.      The petition for writ of habeas corpus be DENIED; and

2.      The Clerk of Court be directed to enter judgment in favor of Respondent.

This Findings and Recommendations is submitted to the assigned United States District Court Judge, pursuant to the provisions of 28 U.S.C. section 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California.

Within thirty (30) days after being served with a copy, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Replies to the objections shall be served and filed within ten (10) <u>court</u> days (plus three days if served by mail) after service of the objections. The Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C). The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

    IT IS SO ORDERED.

    Dated:   **September 14, 2007**　　　　　　　　	     **/s/ Dennis L. Beck**
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE